IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**FILED**

NOV 1 3 2020

Clerk, U.S. District Court
Eastern District of Texas

UNITED STATES OF AMERICA

v.

SHALOM OLUMIDE AYOTUNDE

No. 4:20CR 349
Judge Mazzant

## **INDICTMENT**

The United States Grand Jury charges:

### **Count One**

Violation: 18 U.S.C. § 1542
(False Statement in Application
for Passport)

On or about June 3, 2018, in the Eastern District of Texas and elsewhere, **Shalom Olumide Ayotunde**, the defendant, willfully and knowingly made a false statement in an application for a passport with intent to induce and secure for his own use the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, that is, in such application, the defendant provided false information about his identity, including a false name, date of birth, and Social Security Number, which statements he knew to be false.

In violation of 18 U.S.C. § 1542.

## Count Two

Violation: 18 U.S.C. § 911
(False Claim to United
States Citizenship)

On or about June 3, 2018, in the Eastern District of Texas and elsewhere, **Shalom**

**Olumide Ayotunde**, defendant, a citizen of Nigeria and therefore an alien in the United

States, falsely and willfully represented himself to be a citizen of the United States.

In violation of 18 U.S.C. § 911.

## Notice of Intention to Seek Forfeiture

Upon conviction of the offense in violation of 18 U.S.C. § 1541 as set forth in

Count One of this Indictment, the defendant, **Shalom Olumide Ayotunde**, shall forfeit to

the United States of America, pursuant to 18 U.S.C. §§ 982(a)(2) and (a)(6), all property,

real or personal, constituting, or derived from, the proceeds obtained, directly or

indirectly, as a result of the respective offense; and any property used to facilitate, or

intended to be used to facilitate, the commission of the respective offense.

If any of the property described above, as a result of any act or omission

of the defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided
without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant

to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. § 982(a)(6) and 28 U.S.C. § 2461(c).


A TRUE BILL.


FOREPERSON


STEPHEN J. COX
UNITED STATES ATTORNEY


Camelia Lopez
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA

v.

SHALOM OLUMIDE AYOTUNDE

No.  4:20CR_____
Judge _____

## NOTICE OF PENALTY

### Count One

Violation:    18 U.S.C. § 1542

Maximum
Penalty:      Imprisonment of 10 years (in the case of the first or second such offense, if
              the offense was not committed to facilitate such an act of international
              terrorism or a drug trafficking crime) and a term of supervised release of 3
              years; and a fine of $250,000;

Special
Assessment: $100

### Count Two

Violation:    18 U.S.C. § 911

Maximum
Penalty:      Three years' imprisonment and a fine of $250,000

Special
Assessment: $100